UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:16-CR-55-TLS-SLC |
| KEENAN DAVIS | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Letter [ECF No. 175] filed on February 16, 2021. The Defendant's Letter asks the Court to reconsider his motion for compassionate release. For the reasons set forth below, the Court DENIES the request.

## PROCEDURAL HISTORY

On February 27, 2017, a jury found the Defendant guilty on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 38, 70. On August 30, 2017, the Court sentenced the Defendant to 100 months imprisonment on Count I and 25 months imprisonment on Count II, to be served concurrently, followed by two years of supervised release. *See* Sentencing, ECF No. 100.

On June 23, 2020, the Defendant filed a Motion for Early Release [ECF No. 152] asking for compassionate release due to the COVID-19 pandemic. On June 24, 2020, the Court issued an Order [ECF No. 155] referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. On July 8, 2020, counsel entered an appearance [ECF No. 156] on behalf of Defendant, and, on August 10, 2020, counsel filed a Brief in Support of Motion for Compassionate Release [ECF No. 160]. On August 24, 2020, the Government filed a Response [ECF No. 163] opposing Defendant's

1

motion. On September 14, 2020, the Court denied the Defendant's request for compassionate release. *See* Sept. 14, 2020 OP. & Order, ECF No. 164.

On September 17, 2020, the Defendant appealed the Court's September 14, 2020 Opinion and Order. *See* Notice of Appeal, ECF No. 165. On February 16, 2021, the Defendant filed the instant Letter [ECF No. 175], asking the Court to reconsider its September 14, 2020 ruling.

## ANALYSIS

In his Letter, the Defendant asks the Court to reconsider its September 14, 2020 decision denying his request for compassionate release, asserting that conditions at the prison where he is housed have deteriorated. As an initial matter, the Court must address whether it has jurisdiction to consider the Defendant's request for reconsideration filed while the Defendant's appeal is pending before the Seventh Circuit Court of Appeals.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, Federal Rule of Criminal Procedure 37(a) provides:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>    (1) defer considering the motion;
>    (2) deny the motion; or
>    (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a); *see United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984) ("The District Court had jurisdiction to entertain the motion and either deny the motion on its merits, or certify its intention to grant the motion to the Court of Appeals, which could then entertain a motion to

2

remand the case." (collecting cases)); *United States v. Turner*, No. 3:03-CR-22, 2011 WL 294837, at *1 (N.D. Ind. Jan. 26, 2011). Because the Court is denying the Defendant's request for reconsideration, no jurisdictional issue exists.

Turning to the Defendant's request for reconsideration, the Court finds that the new facts presented do not warrant changing its earlier decision. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," *United States v. Jackson-Bey*, No. 2:09-CR-43, 2012 WL 3044288, at *1 (N.D. Ind. July 24, 2012) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)), and "are . . . not vehicles for 'rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion," *id.* (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)).

The Defendant's Letter does not argue that the Court erred in applying the law in its September 14, 2020 Opinion and Order. However, the Defendant's Letter does introduce new facts: that FCI Schuylkill, where the Defendant is incarcerated, had an outbreak of COVID-19 in December 2020 with at least 200 new cases and that, as of February 11, 2021, there has been an outbreak of COVID-19 in the Defendant's housing unit.

Even if these new facts were to cause the Court to conclude that the Defendant can demonstrate an extraordinary and compelling reason warranting his release, the Court would not alter its final disposition in the September 14, 2020 Opinion and Order. As the Court explained, to succeed on a motion for compassionate release, four requirements must be met: "exhaustion of administrative remedies, consideration of whether 'extraordinary and compelling reasons' warrant a reduction in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements." Sept. 14, 2020 Op.

& Order 3, ECF No. 164. Separate from the status of the COVID-19 pandemic at FCI Schuylkill and the Defendant's personal health issues of Type II diabetes, hyperlipidemia, and asthma, the Court concluded in the Opinion and Order that the § 3553(a) factors did not support reducing the Defendant's term of imprisonment. *Id.* at 11–12.

When considering the § 3553(a) factors, the Court wrote:

> Defendant's criminal history has spanned almost thirty years and includes multiple convictions for battery as well as a conviction for resisting law enforcement. His February 24, 2011 domestic battery conviction involved him choking his girlfriend and punching her in the face; his August 5, 2011 battery conviction involved him arguing with the mother of his children, culminating in him throwing a soda can that struck his three-year-old son in the head; and his 2013 domestic battery conviction involved him hitting, kicking, and stomping Heather Gaff, which appeared to be mutual battery because she had hit him in the face with a tea pot. Revised Final PSR ¶¶ 66, 69, 72, ECF No. 97. And, in the instant case, after knocking on the apartment door, Defendant forced his way into the home of his ex-girlfriend and the mother of his three children, put a gun to her head, and knocked her to the floor, all in the presence of at least one of their minor children. *Id.* ¶¶ 4, 6, 7. Then, Defendant fought Anthony Wamue over the gun, with the fight moving out the back door of the apartment, where Wamue eventually got the gun away from Defendant. *Id.* ¶ 5. The Government represents that, while in prison, Defendant was sanctioned on February 10, 2020, for being absent from callout, and on February 29, 2020, for possessing stolen property. *See* Gov't Resp. at 20.
>
> Although Defendant had a difficult upbringing and adult life, those factors were considered at the time of his original sentence and were offered as mitigation for a reduced sentence. The nature and circumstances of the instant offense and the history and characteristics of Defendant do not warrant a sentence reduction. In addition, Defendant has only served approximately half of his sentence of 100 months. With good time credit, Defendant's projected release date is October 22, 2023, with a full-term release date of December 18, 2024. Gov't Resp. at 7. As of July 9, 2020, Defendant has served 54.2 percent of his good-time credit sentence and 46.6 percent of his full-term sentence. *Id.* Defendant has presented no compelling argument to change the Court's finding that the original sentence of 100 months imprisonment was sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

*Id.* The Defendant presents no new facts that would lead the Court to change its prior decision regarding the § 3553(a) factors; therefore, the Defendant's request for reconsideration is denied.

**CONCLUSION**

For the reasons stated above, the Court DENIES the relief requested in the Defendant's Letter [ECF No. 175].

SO ORDERED on February 22, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
