UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

UNITED STATES OF AMERICA

v.                                          CAUSE NO.: 1:16-CR-55-TLS-SLC

KEENAN DAVIS

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Letter [ECF No. 177] dated February 22, 2021, which was entered on the Court's docket on February 26, 2021. This is the Defendant's second letter requesting that the Court reconsider its September 14, 2020 Opinion and Order [DE No. 164] denying his motion for compassionate release. The first letter [ECF No. 175] was filed on February 16, 2021, and the Court denied the request for reconsideration in an Opinion and Order [ECF No. 176] on February 22, 2021. It appears that the Defendant had not yet received that Opinion and Order when he sent this second letter requesting reconsideration of the September 14, 2020 Opinion and Order on the basis that he tested positive for COVID-19 as of February 16, 2021. While the Court is sympathetic to the Defendant's concerns regarding having contracted the virus, this new evidence does not change the Court's conclusion that the Defendant is not entitled to compassionate release. For the same reasons that the Court stated in its recent February 22, 2021 Opinion and Order, set forth below, the Court DENIES the request.

**PROCEDURAL HISTORY**

On February 27, 2017, a jury found the Defendant guilty on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See* ECF Nos. 38, 70. On August 30, 2017, the Court sentenced the Defendant to 100 months imprisonment on Count I and 25

1

months imprisonment on Count II, to be served concurrently, followed by two years of supervised release. *See* Sentencing, ECF No. 100.

On June 23, 2020, the Defendant filed a Motion for Early Release [ECF No. 152] asking for compassionate release due to the COVID-19 pandemic. On June 24, 2020, the Court issued an Order [ECF No. 155] referring this matter to the Federal Community Defender to consider filing a supplemental brief in support of Defendant's request. On July 8, 2020, counsel entered an appearance [ECF No. 156] on behalf of Defendant, and, on August 10, 2020, counsel filed a Brief in Support of Motion for Compassionate Release [ECF No. 160]. On August 24, 2020, the Government filed a Response [ECF No. 163] opposing Defendant's motion. On September 14, 2020, the Court denied the Defendant's request for compassionate release. *See* Sept. 14, 2020 Op. & Order, ECF No. 164.

On September 17, 2020, the Defendant appealed the Court's September 14, 2020 Opinion and Order. *See* Notice of Appeal, ECF No. 165. On February 16, 2021, the Defendant filed a Letter [ECF No. 175], asking the Court to reconsider its September 14, 2020 ruling. The Court denied the request on February 22, 2021. *See* Feb. 22, 2021 Op. & Order, ECF No. 176. On February 26, 2021, having not yet received the February 22, 2021 Opinion and Order, the Defendant filed the instant Letter [ECF No. 177] again asking the Court to reconsider its September 14, 2020 ruling.

## ANALYSIS

In his Letter, the Defendant asks the Court to reconsider its September 14, 2020 decision denying his request for compassionate release because he has now tested positive for COVID-19. First, the Court must address whether it has jurisdiction to consider the Defendant's request for reconsideration filed while the Defendant's appeal is pending before the Seventh Circuit Court of

Appeals. As set forth more fully in the February 22, 2021 Opinion and Order, no jurisdictional issue exists because the Court is denying the Defendant's request for reconsideration. *See United States v. Cronic*, 466 U.S. 648, 667 n.42 (1984); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995); Fed. R. Crim. P. 37(a).

Turning to the Defendant's request for reconsideration, the Court finds that the new fact of his positive COVID-19 test does not warrant changing its earlier decision. "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence," *United States v. Jackson-Bey*, No. 2:09-CR-43, 2012 WL 3044288, at *1 (N.D. Ind. July 24, 2012) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)), and "are . . . not vehicles for 'rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion," *id.* (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). The Defendant's Letter does not argue that the Court erred in applying the law in its September 14, 2020 Opinion and Order. However, the Defendant's Letter does introduce the new fact that he tested positive for COVID-19 on February 16, 2021.

Even if this new fact were to cause the Court to conclude that the Defendant can demonstrate an extraordinary and compelling reason warranting his release, the Court would not alter its final disposition in the September 14, 2020 Opinion and Order. As the Court explained, to succeed on a motion for compassionate release, four requirements must be met: "exhaustion of administrative remedies, consideration of whether 'extraordinary and compelling reasons' warrant a reduction in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements." Sept. 14, 2020 Op. & Order 3, ECF No. 164. Separate from the status of the COVID-19 pandemic at FCI Schuylkill

and the Defendant's personal health issues of Type II diabetes, hyperlipidemia, and asthma, the Court concluded in the September 14, 2020 Opinion and Order that the § 3553(a) factors did not support reducing the Defendant's term of imprisonment. *Id.* at 11–12.

When considering the § 3553(a) factors, the Court wrote:

> Defendant's criminal history has spanned almost thirty years and includes multiple convictions for battery as well as a conviction for resisting law enforcement. His February 24, 2011 domestic battery conviction involved him choking his girlfriend and punching her in the face; his August 5, 2011 battery conviction involved him arguing with the mother of his children, culminating in him throwing a soda can that struck his three-year-old son in the head; and his 2013 domestic battery conviction involved him hitting, kicking, and stomping Heather Gaff, which appeared to be mutual battery because she had hit him in the face with a tea pot. Revised Final PSR ¶¶ 66, 69, 72, ECF No. 97. And, in the instant case, after knocking on the apartment door, Defendant forced his way into the home of his ex-girlfriend and the mother of his three children, put a gun to her head, and knocked her to the floor, all in the presence of at least one of their minor children. *Id.* ¶¶ 4, 6, 7. Then, Defendant fought Anthony Wamue over the gun, with the fight moving out the back door of the apartment, where Wamue eventually got the gun away from Defendant. *Id.* ¶ 5. The Government represents that, while in prison, Defendant was sanctioned on February 10, 2020, for being absent from callout, and on February 29, 2020, for possessing stolen property. *See* Gov't Resp. at 20.
>
> Although Defendant had a difficult upbringing and adult life, those factors were considered at the time of his original sentence and were offered as mitigation for a reduced sentence. The nature and circumstances of the instant offense and the history and characteristics of Defendant do not warrant a sentence reduction. In addition, Defendant has only served approximately half of his sentence of 100 months. With good time credit, Defendant's projected release date is October 22, 2023, with a full-term release date of December 18, 2024. Gov't Resp. at 7. As of July 9, 2020, Defendant has served 54.2 percent of his good-time credit sentence and 46.6 percent of his full-term sentence. *Id.* Defendant has presented no compelling argument to change the Court's finding that the original sentence of 100 months imprisonment was sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

*Id.* The Defendant presents no new facts that would lead the Court to change its prior decision regarding the § 3553(a) factors; therefore, the Defendant's request for reconsideration is denied.

**CONCLUSION**

For the reasons stated above, the Court DENIES the relief requested in the Defendant's Letter [ECF No. 177].

SO ORDERED on March 3, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
