**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

v.

KEENAN A DAVIS,

Defendant.

CASE NO. 1:16-CR-55-HAB-ALT

## OPINION AND ORDER

In February 2017, a jury found Defendant Keenan Davis guilty of two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Court is now in receipt of Davis's letter "in regard of the 922G cases being found unconstitutional" and requesting "to be appointment counsel to file a motion on [his] behalf." (ECF No. 240). Presumably, Davis seeks to once again challenge his conviction through 28 U.S.C. § 2255.

There is no constitutional right to the appointment of counsel in a § 2255 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In § 2255 actions, the appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. The Court may also appoint counsel to a financially eligible petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). At this stage, Davis has not filed a § 2255 petition so this Court is unable to assess whether justice requires the appointment of counsel, and his request must be denied.

That said, Davis is reminded that he has already (unsuccessfully) pursued a § 2255 petition in this Court, *see* ECF No. 185, and to the extent he is asking in this letter to file a second or

successive petition to vacate, set aside, or correct his sentence under § 2255, this Court cannot grant that request. Only the Court of Appeals is vested with the authority to allow the filing of a second or successive 2255 petition. *See* 28 U.S.C. § 2255(h)(1). Rule 9 of the Rules Governing Section 2255 Proceedings plainly states: "before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. 2255, para. 8."

For these reasons, Davis's request for relief in his letter to the Court (ECF No. 240) is DENIED.

**SO ORDERED** this 6th day of May 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

2